UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:10-CV-72-S

MARY ANGELA KORTZ                                                     DEFENDANT

**MEMORANDUM OPINION**

This is an action by the United States to recover the amount due on a student loan issued to defendant Mary Angela Kortz. The United States filed its complaint against Kortz on February 4, 2010 (DN 1). Kortz answered the complaint on March 4, 2010 (DN 5). On February 10, 2011, the United States moved for summary judgment (DN 6). The time for a response has expired, and Kortz has not responded to the United States' motion.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. We conclude that the United Sates has done so here.

In order to recover on a promissory note, the government must first make a prima facie showing that (1) the defendant signed the note, (2) the government is the present owner or holder of the note, and (3) the note is in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). If the government makes its prima facie case, the defendant then has the burden of proving the nonexistence, extinguishment, or variance in payment of the obligation. *Id.*

The United States has provided the court with a copy of a promissory note signed by Kortz on December 30, 1992. *See* Application/Promissory Note (DN 6-2). The defendant has also admitted

that she is indebted to the United States. *See* Answer (DN 5). Therefore, we conclude that the first element of the prima facie case is satisfied.

The United States has also shown that it is the current holder of the note. A Certificate of Indebtedness, issued by the United States Department of Education, states as follows:

> On or about 12/30/1992, [Kortz] executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from SallieMae, Student Loan Marketing Association. The loan was disbursed for $43,535.57 on 04/05/1993, at 9 percent interest per annum. The loan obligation was guaranteed by American Student Assistance, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 11/24/1995, and the holder filed a claim on the loan guarantee.
>
> Due to this default, the guaranty agency paid a claim in the amount of $53,108.72 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/15/2005, assigned its right and title to the loan to the Department.

Certificate of Indebtedness (DN 6-3).

Finally, the United States has shown that the note is in default. The Certificate of Indebtedness states that no payments had been received on the note as of October 7, 2009. *See id.* Moreover, Kortz has admitted that she has failed to repay the debt she owes to the United States, *see* Answer (DN 5), although she stated in her Answer that she was without sufficient knowledge to respond as to the amount due.

Kortz has not contested any element of the United States' prima facie case, nor has she presented any evidence as to the nonexistence, extinguishment, or variance in payment of the

obligation, despite having had the opportunity to do so. Accordingly, the court concludes that summary judgment is appropriate on the United States' claims.

A separate order will issue in accordance with this opinion.

August 8, 2011

Charles R. Simpson III, Judge
United States District Court